**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

JAMES WAYNE DAVIS,

        Plaintiff,

      v.

COFFEE REGIONAL MEDICAL STAFF, et
al.,

        Defendants.

CIVIL ACTION NO.: 5:21-cv-81

**REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter
is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated
below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I
have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court
**DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of
dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma
pauperis* on appeal.

**PLAINTIFF'S CLAIMS**[1]

Plaintiff, a pretrial detainee proceeding pro se, brings claims related to his incarceration
at Coffee County Jail.  Doc. 1.  On April 19, 2020, Plaintiff slipped and fell, injuring his head,
neck, left shoulder, arm, back, hip, and leg.  Id. at 7.  Plaintiff informed the nurses working at the

---

[1]     All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity
review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."
Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

time about his fall, but they provided little assistance.  According to Plaintiff, the medical staff

did not check on Plaintiff until the next day and, at that time, provided him with medication for

the pain and swelling and a bandage for his knee.  Id. at 8.  Though Plaintiff complained, he was

not taken for x-rays until October 23, 2020, and, at that time, was diagnosed with a torn rotator

cuff and other damage in his arm, neck, and shoulder.  Id.  Additionally, on February 16, 2021,

Plaintiff was sent to a specialist in Douglas, Georgia, who looked at his x-ray and ordered an

MRI, as well as prescribed him anti-inflammatory steroids.  Id.  However, once Plaintiff returned

to Coffee County Jail, he had to wait for at least six months to receive the MRI and steroid shots.

Id.  Plaintiff continues to experience symptoms and pain and staff has ignored Plaintiff when has

requested to receive follow-up care.  Id.

Plaintiff names six Defendants in his suit—Coffee Regional Medical Staff, Doyle

Wooten, Fred Cole, Kim Phillips, Anthony White, and Sandra Shaw—and sues Defendants only

in their official capacities.  Id. at 3–4.  Plaintiff seeks monetary damages in the amount of five

million dollars.  Id. at 7.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by

prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During

the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C.

§ 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the

complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or

which seeks monetary relief from a defendant who is immune from such relief.  Id.  The

pleadings of unrepresented parties are held to a less stringent standard than those drafted by

attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520

2

(1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I.   Official Capacity Claims

Plaintiff sues six Defendants, who work at Coffee County Jail, in their official capacities and seeks only monetary damages.  Doc. 1 at 3–4, 7.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983.  Id. at 71.  Furthermore, it is well-settled law that sheriffs and members of the sheriff department acting in a law enforcement capacity are acting on behalf of the state.  See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003); Grech v. Clayton County, 335 F.3d 1326, 1347

(11th Cir. 2003) ("[T]he sheriff acts on behalf of the State in his function as a law enforcement officer. . .").  As this Court has recognized,

> Since <u>Manders</u> was decided in 2003, the relevant Georgia law remains essentially unchanged.  Indeed, it is now 'insurmountable' that Georgia sheriffs act as arms of the state—not as county officials . . . .  In sum, <u>Manders</u> and its progeny dictate that where a sheriff and his deputies are performing their official and authorized duties as state actors . . . they are entitled to Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against them in their official capacities.

<u>Frederick v. Brown</u>, No. CV 113-176, 2015 WL 4756765, at *14 (S.D. Ga. Aug. 10, 2015) (internal citations omitted) (citing <u>Manders</u>, 338 F.3d at 132; <u>Grech</u>, 335 F.3d at 1332–40; <u>Hall v. Fries</u>, No. 7:13-CV-105, 2014 WL 1389063, at *4–5 (M.D. Ga. Apr. 9, 2014); <u>Scott v. Mercier</u>, No. 5:06-CV-33, 2007 WL 2728440 (S.D. Ga. Sept. 14, 2007); and <u>Lewis v. Wilcox</u>, No. 3:06-cv-29, 2007 WL 3102189, at *8 (M.D. Ga. Oct. 23, 2007)).

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Coffee County Sheriff's Department.  Accordingly, the Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities.  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief.  Thus, as Plaintiff only seeks monetary damages, his claim fails.  Accordingly, I **RECOMMEND** the Court **DISMISS** all claims against all Defendants.

## II.     Plaintiff Fails to State a Claim

Even if Plaintiff could proceed against Defendants in their official capacities for monetary damages, he fails to state a claim.  The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation.  <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we

4

must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Plaintiff fails to state a claim in his Complaint.  While Plaintiff names Defendants in his Complaint, he fails to how any of those individuals were involved in the alleged violations of his constitutional rights.  Plaintiff does not state which of the Defendants denied him medical care.  Doc. 1 at 8.

To the extent Plaintiff seeks to hold Defendants Coffee Regional Medical Staff, Wooten, Cole, Phillips, White, and Shaw liable for the acts of their subordinates without alleging any personal involvement, his claim also fails.  Plaintiff only lists these Defendants and describes their roles as supervisors at Coffee County Jail.  Id. at 5.  "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted).  To hold a supervisory official or an employer liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation.  Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  As noted above, Plaintiff has not alleged Defendants participated in the events forming the basis of any of Plaintiff's claims.  Moreover, Plaintiff has not proffered any reason to support the conclusion Defendants violated any of Plaintiff's constitutional rights.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants and the asserted constitutional violations.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts

the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by* Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).  Plaintiff has not made the necessary showing with respect to Defendants Coffee Regional Medical Staff, Wooten, Cole, Phillips, White, and Shaw.  Alternatively, I **RECOMMEND** the Court **DISMISS** claims Plaintiff's Complaint for failure to state a claim.

### III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v.

Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Amended Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 9th day of February, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA